IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES of AMERICA,

    Plaintiff,

vs.

ANTHONY S. SMITH,

    Defendant.

Crim. Case No. 95-10079-01-JTM

MEMORANDUM AND ORDER

This matter is before the court on the Motion to Correct Judgment filed by defendant Anthony Smith. Smith was convicted in 1996, after pleading guilty to possession with intent to distribute cocaine, and sentenced to 151 months imprisonment. By his present motion, putatively styled as a Fed. Rule Crim. Pr. 36 motion to correct clerical error, Smith seeks to obtain credit for earlier time served in state custody. He alleges that the habeas corpus ad prosequendum issued on February 23, 1996 erred in indicating that Smith was then in state custody.

Smith's motion must be denied because it mistakes the nature of relief that may be granted under Rule 36. Relief may be granted at any time under Rule 36, but that relief is narrow in the extreme — Rule 36 gives "authority to correct clerical-type errors, but does not give the court authority to substantively modify a Defendant's sentence." *United States v. Blackwell*, 81 F.3d 945, 948-49 (10th Cir.1996). *See also United States v. Keifer*, No. 00-3067, 2001 WL 391711 (10th Cir. April 18, 2001). In this context, "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit,

mechanical in nature." *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir.1987). As a result, it is error to use Rule 36 to modify a defendant's sentence based upon earlier assumptions about time served. *United States v. Werber*, 51 F.3d 342, 347-48 (2nd Cir. 1995).

Here, the earlier (alleged) error now challenged by Smith is not a mere mechanical, scrivener's error, but is directed at the substantive fact of the nature of Smith's custody on one particular day nearly a decade ago. It is, therefore, a challenge to the court's judgment of the facts rather than its recitation, and the relief sought is beyond the scope of Rule 36.

IT IS ACCORDINGLY ORDERED this 14th day of March, 2005, that the defendant's Motion to Correct Judgment (Rule 24) is hereby denied.

                                                            s/ J. Thomas Marten
                                                            J. THOMAS MARTEN, JUDGE